WARREN GALE *vs.* GILBERT NOURSE & others.

By an assignment of a patent right the assignee agreed to pay a premium on each machine made or sold, and that the premiums should not be less than two thousand dollars for each year of the agreement; and it was provided that the agreement might be terminated by the assignee's giving six months' notice, and "thereupon all further liabilities and obligations under this agreement shall cease, except as to the premiums already due or owing at the time of such termination." *Held*, that if the agreement was terminated by the assignee in the middle of a year, the assignor might recover a proportional part of two thousand dollars for that year.

ACTION OF CONTRACT. The parties submitted to the judgment of the court the following case:

An indenture was made on the 22d of September 1854 be-

tween the plaintiff of the first part and the defendants under the name of Nourse & Co. of the second part, by which the plaintiff assigns to the defendants all his right in certain letters patent obtained by him for an improvement in strawcutters for all the United States, with some exceptions, to be held by the defendants to the full end of the term for which the letters patent were granted; and the defendants agree to pay the plaintiff a certain premium on each machine made or sold by them, and "further warrant and agree that the amount of premiums to be paid said Gale as aforesaid shall not be less than two thousand dollars for each and every year during the term of this agreement; and this agreement shall continue in full force during the whole term of said letters patent; provided, however, that the said Nourse & Co. and their legal representatives may at any time hereafter, after the expiration of one year from the date hereof, upon six months' notice thereof to said Gale or his legal representatives, cancel, annul and terminate the same, upon reconveying to said Gale or to his legal representatives all the right, title and interest in said letters patent which are by this conveyance vested in said Nourse & Co., such reconveyance to be delivered to said Gale or his authorized agent, or to be recorded in the patent office by said Nourse & Co., which act of recording shall be deemed a valid delivery thereof, and thereupon all further liabilities, rights and obligations under this agreement shall cease, except as to the premiums already due or owing at the time of such delivery."

On the 7th of September 1857 the defendants, having given six months' notice and duly executed a reconveyance, cancelled the agreement. All claims against the defendants up to the 22d of September 1856 have been duly adjusted and paid. The premiums on all machines made or sold from the 22d of September 1856 to the 22d of March 1857, amounting to $636, were recovered of the defendants in an action commenced on the 25th of October 1857 by the plaintiff, who did not thereby intend to waive his claim to whatever additional sum might become due under the warranty in the indenture. No machines have been made or sold by the defendants, except

those on which premiums have been paid as aforesaid. The plaintiff claims to recover the sum of $1,281.48, with interest from March 22d 1858, which would be the amount due from the defendants from September 22d 1856 to September 7th 1857 at the rate of $2,000 a year after deducting the $636 paid as aforesaid.

*C. W. Huntington,* for the plaintiff.

*W. G. Russell,* for the defendants.

DEWEY, J. The question arising in the present case is that of the proper construction of the indenture entered into by these parties. If the terms of the contract are fully and distinctly stated, and so obvious as to leave no room to doubt, the words thus used must be decisive in construing it. This is so as to any entire year's duration of this contract — the defendants in terms "warranting that the amount of premiums to be paid said Gale shall not be less than two thousand dollars for each and every year during the term of this agreement." The only doubt arises as to the intention of the parties as to the amount to be paid, if the time upon which a computation is to be made in the adjustment of the amounts to be paid by the defendants for the use of the patent right is less than a year. The general purpose of the contract was clearly that the plaintiff should realize $2,000 a year from the premiums stipulated to be paid to him. In the contemplation of the parties, the precise case that has occurred may have been overlooked. If so, we are to ascertain their purpose as to it by looking at the contract as a whole, and give it a reasonable construction. Can it be supposed that the parties intended that, under the provision securing the right of the defendants at some future day to terminate the contract after six months' notice, the defendants could at their pleasure have for an entire year, abating a single day, all the benefits of using the patent right, without any liability during that time upon the portion of the contract warranting that the premiums should amount to $2,000 a year, taking without risk their chance that it might prove a year of extensive sales and great profits to himself, without any liability ; if it proved otherwise, to make good any deficiency in the amount of premiums to be paid to

the plaintiff? But this is the practical effect of the construction urged in favor of the defendants. The defendants had the full enjoyment of all the benefits of the contract for an entire third year, abating fifteen days at the close of that period. They fixed the period of the termination of the contract by their own act. They elected to end it before the close of an entire year, taking to themselves all its privileges during the entire year, save these fifteen days. This being so, and the full year not having been enjoyed solely through the act and choice of the defendants, it seems to us that the reasonable construction of the contract must be that the provision for paying to the plaintiff not less than $2,000 for each and every year during the term of the agreement must be understood, when applied to the case of a termination of the contract during the year by the election of the defendants, to be a stipulation to pay the plaintiff a proportionate sum for the time for which they actually enjoy the benefit of the contract. This construction of the contract is entirely consistent with the provision in the indenture that upon such termination " all further liabilities, rights and obligations under the agreement shall cease, except as to the premiums already due or owing at the time " of such termination.

In the opinion of the court the plaintiff is entitled to recover under the warranty a *pro rata* proportion of the sum of $2,000 for that part of the year during which the contract was in force, and judgment will be entered for the plaintiff for the balance due therefor. *Judgment for the plaintiff.*